```
NEELAM CHANDNA (CSB 192972)
HIRSCH ADELL (CSB 34208), and
J. DAVID SACKMAN (CSB 106703), Members of
REICH, ADELL & CVITAN
A Professional Law Corporation
3550 Wilshire Blvd., Suite 2000
Los Angeles, California 90010
Telephone: (213) 386-3860
Facsimile: (213) 386-5583
E-Mail: neelamc@rac-law.com; jds@rac-law.com
```

Attorneys for PLAINTIFFS TRUSTEES OF THE BAKERY & CONFECTIONERY WESTERN CONFERENCE DENTAL FUND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| TRUSTEES OF THE BAKERY & CONFECTIONERY WESTERN CONFERENCE DENTAL FUND,<br><br>          Plaintiffs,<br><br>    v.<br><br>NELDAM'S DANISH BAKERY, INC.<br><br>          Defendant. | CASE NO. C07 5095 SI<br><br>NOTICE OF MOTION AND MOTION FOR PLAINTIFFS' TRUSTEES OF THE BAKERY & CONFECTIONERY WESTERN CONFERENCE DENTAL FUND AGAINST DEFENDANT NELDAM'S DANISH BAKERY, INC. AND MOTION TO ENLARGE TIME TO FILE MOTION FOR ATTORNEY'S FEES AND BILL OF COSTS; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Fed.R.Civ.P. 55(b)(2); Local Rules 6-3 and 54-6(a)]<br><br>Date: February 22, 2008<br>Time: 9:00 a.m.<br>Ctrm: 10<br>   450 Golden Gate Ave.<br>   San Francisco, CA  94102 |

NOTICE is hereby given that the motion of plaintiffs Trustees of the Bakery & Confectionery Western Conference Dental Fund, for entry of default judgment, shall be heard at the above date and time, in Courtroom 10 of this Court, located at 450 Golden Gate Avenue, San Francisco, California 94102.

-1-

154092.1

Plaintiffs move for:  (1) entry of default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, as more fully stated in the Proposed Judgment, against defendant NELDAM'S DANISH BAKERY, INC. (Neldam's), a California corporation; and (2) an enlargement of up to 21 days to file Plaintiffs' Motion for Attorney's Fees and Bill of Costs pursuant to Local Rules 6-3 and 54-6(a).

This motion is based on the pleadings and papers of this case, the following Memorandum of Points and Authorities, Declaration of Neelam Chandna, the Proposed Judgment, and such further evidence and argument as may be presented at the hearing on this matter.

No conference of counsel need be made, because defendant Nelam's has not made an appearance in this matter and its default was entered on November 29, 207, by the Clerk of the Court.

Respectfully Submitted,

Date: January 7, 2008         REICH, ADELL & CVITAN
                              A Professional Law Corporation


                              By:_____/s/_____
                                 NEELAM CHANDNA
                                 Attorneys for Plaintiffs


**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  Introduction**

Plaintiffs Trustees of the Bakery & Confectionery Western Conference Dental Fund (Fund) are fiduciaries of the Fund.  This action was filed to collect delinquent fringe benefits owing to

-2-

the Fund by defendant Neldam's Danish Bakery, Inc. (Neldam's). [Complaint ¶¶ 1 and 3].

On November 29, 2007, the Clerk of the Court entered the default of Neldam's. [Docket No. 9]. Plaintiffs now fie this motion for entry of default judgment under Fed. R. Civ. P. 55(b)(2) against defendant Neldam's.

## II. Summary of Facts

Defendant Neldam's Danish Bakery, Inc. (hereinafter referred to as "Employer" or "Neldam's") is a California corporation and an employer within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA), § 3(5), 29 U.S.C. § 1002(5). [Complaint §§ 3 and 4]. Employer entered into a collective bargaining agreement (Agreement) with the Bakery, Confectionery, Tobacco Workers, and Grain Millers International Union, Local No. 125, AFL-CIO (Union), covering certain employees of the Employer at its bakery in Oakland, California. [Complaint § 4].

The Agreement provides that the Employer must contribute $51.50 each month to the Dental Fund for each covered employee of the Employer covered by the Agreement. In turn, the Agreement and Declaration of Trust for the Dental Fund (Trust Agreement) provides that Employer contributions are delinquent by the 25th of in the month following the month in which the employee worked. [Complaint, ¶ 5].

The Employer also agreed to be bound by the Trust Agreement, which mandates liquidated damage of the greater of interest on the unpaid contributions at 12% per annum or an amount equal to 20% of the delinquent contributions, along with interest at the rate of

-3-

154092.1

12% per year, plus the Fund's audit expenses, collection costs, attorney fees and costs.  [Complaint, ¶ 6].

### III.  Argument

A. <u>Default Judgment May Be Entered Against Employer</u>.

Default having been entered against Employer, judgment by default may be entered by this Court pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. "Upon entry of default, the facts alleged by the plaintiff in this complaint are deemed admitted." 10 Moore's Federal Practice § 55.12[1] at 55-18 (3d Ed. 1997).  *See also*, <u>Television Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987); <u>Danning v. Lavine</u>, 572 F.2d. 1386, 1388 (9th Cir. 1978).  No further proof of the those facts are necessary.

Defendant is a corporate entity, not a natural person; therefore, it is not entitled to the benefits of the Soldiers and Sailors Civil Relief Act of 1940.  [Declaration of Neelam Chandna (Chandna Decl.) ¶¶ 2 and 3].

On October 16, 2007, defendant NELDAM'S DANISH BAKERY, INC. was served by substituted service of the Summons, Complaint, and other court papers pursuant to California Code of Civil Procedure §415.20 and Fed.R.Civ.P. §4(e)(1). Service was effected on Defendant by delivery of said documents to Neldam's to the person apparently in charge at Neldam's office located at 3401 Telegraph Avenue, Oakland, California 94609, with mailing completed on October 23, 2007.  Plaintiffs subsequently requested and obtained entry of Neldam's default by the Clerk on November 29, 2007.

-4-

154092.1

[Chandna Decl. ¶ 4].

B.   <u>Claim for Delinquent Contributions, Interest, and Liquidated Damages</u>

Since January 2007, the Employer has failed to report its covered employees under the Agreement and has failed to pay the contributions required on behalf of such employees to the Dental Fund, in the amount of $5,253.00.  Thirteen eligible employees were employed from January through June 2007 and 12 eligible employees have been employed by the Employer through at least September 25, 2007.  Thus, the sum of $669.50 ($51.50 x 13 = $669.50) is due for each of the months from January through June 2007, and the sum of $618 ($51.50 x 12 = $618) is due for the months of July and August 2007.  These eight months' totals equal $5,253.00.  [Complaint, ¶ 7].

Based on the Agreement and Trust Agreement, the Employer also owes interest to the Fund of at least $258.89 and liquidated damages to the Fund of at least $1,050.60.  [Complaint at ¶ 6 and Prayer for Relief at ¶¶ 8(b) and (c)].

C.   <u>Plaintiffs are Entitled to Attorney's Fees and Costs</u>.

In their complaint, plaintiffs requested that attorney's fees and costs be added to the judgment. [Complaint at ¶ 6, and Prayer at ¶ 8(d)].  An award of attorney's fees and costs is mandated by ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D).  <u>See</u>, *Northwest Administrators, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996); *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1342 (9th Cir. 1988); *Operating Engineers Pension Trust v.*

*Beck Engineering & Surveying Co.*, 746 F.2d 557, 569 (9th Cir. 1984).

Plaintiffs will file a separate motion for attorney's fees, and a bill of costs, after judgment is entered pursuant to federal and local rules of civil procedure.  Pursuant to Federal Rule of Civil Procedure § 54(d)(2), the amount of attorney's fees may be determined by separate motion after judgment is entered.  Pursuant to Local Rule 54-1, a Bill of Costs may also be filed after judgment is entered.  Plaintiffs ask for twenty-one days to file their motion for attorney's fees and Bill of Costs from the date of entry of judgment.

### IV. Conclusion

In view of the foregoing, Plaintiffs respectfully request that judgment be entered against defendant Neldam's Danish Bakery, Inc.

```
                                    Respectfully Submitted,
                                    REICH, ADELL & CVITAN
                                    A Professional Law Corporation


Dated: _____         _____/s/_____
                                          NEELAM CHANDNA
                                          Attorneys for Plaintiffs
```

PROOF OF SERVICE

-6-

154092.1

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 3550 Wilshire Blvd., Suite 2000, Los Angeles, California 90010.

    On January 7, 2008, I served the foregoing document described as **NOTICE OF MOTION AND MOTION FOR PLAINTIFFS' TRUSTEES OF THE BAKERY & CONFECTIONERY WESTERN CONFERENCE DENTAL FUND AGAINST DEFENDANT NELDAM'S DANISH BAKERY, INC. AND MOTION TO ENLARGE TIME TO FILE MOTION FOR ATTORNEY'S FEES AND BILL OF COSTS; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties(s) by placing.

    [ ] the original          [X] a true copy thereof

enclosed in a sealed envelope and addressed as set forth:

    NELDAM'S DANISH BAKERY
    3401 Telegraph Avenue
    Oakland, CA 94609

[x] (By Mail)  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (By Fax) The facsimile machine I used complied with California Rules of Court 2003(3) and no error was reported by the machine.

[x] (Federal Court)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on January 7, 2008, at Los Angeles, California.

                              /s/
                        ─────────────────
                           Maria Hoang

-7-

154092.1