HIRSCH ADELL (CSB 34208),
NEELAM CHANDNA (CSB 192972), and
J.DAVID SACKMAN (CSB 106703), Members of
REICH, ADELL, & CVITAN
A Professional Law Corporation
3550 Wilshire Blvd., Suite 2000
Los Angeles, California 90010-2421
Telephone: (213) 386-3860
Facsimile: (213) 386-5583
E-Mails: neelamc@rac-law.com
Attorneys for Plaintiffs TRUSTEES OF THE BAKERY & CONFECTIONERY WESTERN CONFERENCE DENTAL FUND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| TRUSTEES OF THE BAKERY & CONFECTIONERY WESTERN CONFERENCE DENTAL FUND,<br><br>           Plaintiffs,<br><br>     vs.<br><br>NELDAM'S DANISH BAKERY, INC.,<br><br>           Defendant. | Case No. C07 5095 SI<br><br>NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Fed.R.Civ.P. 54(d)(2); Local Rules 54-1 and 54-6]<br><br>Date: April 18, 2008<br>Time: 9:00 a.m.<br>Ctrm: 10<br>      450 Golden Gate Avenue<br>      San Francisco, CA  94102 |

TO:   Defendant

PLEASE TAKE NOTICE that PlaintiffS Trustees of the Bakery & Confectionery Western Conference Dental Fund's motion for an award of attorney's fees and costs will be heard on April 18, 2008, at 9:00 a.m. in Courtroom 10 of the United States District Court for the Northern  District of California, located at 450 Golden Gate Avenue,

::ODMA\PCDOCS\RACC\155935\1

San Francisco, CA 94102. Plaintiffs move for an award of attorney's fees, as mandated by 29 U.S.C. § 1132(g)(2)(D), of $9,211.50, and costs of $414.48.

This motion is based upon this Notice and Motion, the attached Memorandum of Points and Authorities, the Declaration of Neelam Chandna, the Court's Judgment entered February 22, 2008, the accompanying Bill of Costs, all of the papers and pleadings in this case, and such further evidence and argument as may be presented as the hearing in this matter.

This motion is exempt from the requirement of Local Rule 54-6(b)(1), that mandates that counsel meet and confer regarding this motion, since the defaulting defendant has not made any appearance in this case.

Respectfully submitted,

DATED: March 10, 2008

REICH, ADELL & CVITAN
A Professional Law Corporation

By: /s/ Neelam C.
Neelam Chandna
Attorneys for Plaintiffs

- 2 -

::ODMA\PCDOCS\RACC\155935\1

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I. INTRODUCTION

Plaintiffs Trustees of the Bakery & Confectionery Western Conference Dental Fund (Fund) are fiduciaries of the Fund. This action was filed to collect delinquent fringe benefits owing to the Fund by defendant Neldam's Danish Bakery, Inc. (Neldam's).

On November 29, 2007, the Clerk of the Court entered default against of Neldam's. [Docket No. 9]. Following a Motion for Default Judgment, the Court issued a default judgment, dated February 22, 2008, entering judgment against defendant Neldam's in the amount of $6,562.49. [Docket No. 20]. Plaintiffs now seek a mandatory award of attorney's fees and costs pursuant to ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D).

### II. ARGUMENT

A. AN AWARD OF FEES AND COSTS TO THE FUND IS MANDATORY UNDER ERISA.

As prevailing parties in an action to collect delinquent contributions, the Fund is entitled to an award of fees and costs. Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), provides that attorney fees shall be awarded along with any judgment for delinquent contributions. The Ninth Circuit has repeatedly held this provision to be mandatory and not discretionary. See *Northwest Administrators, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996); *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d

::ODMA\PCDOCS\RACC\155935\1

1336, 1342 (9th Cir. 1988); <u>Operating Engineers Pension Trust v. Beck Engineering & Surveying Co.</u>, 746 F.2d 557, 569 (9th Cir. 1984).

Here, Plaintiffs sought and obtained a judgment against defendant Neldam's for delinquent contributions, interest, and liquidated damages, in the amount of $6,562.49. 29 U.S.C. § 1132(g)(2)(A)-(C). Accordingly, Plaintiffs seeks reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D).

Alternatively, section 33 of the Trust Agreement of the Fund provides as follows:

> "In addition, such Employer shall be liable to the Trustees for the full amount of such required contributions which remain unpaid, together with payments for the damages to the Trust Fund resulting from such delinquency and the expenses to the Trust Fund resulting from such delinquency and the efforts to collect same, including any and all expenses in connection with filing and prosecuting a lawsuit and appellate proceedings therein."

Accordingly, under the terms of the Trust Agreement, defendant Neldam's is contractually bound to pay Plaintiffs' attorney's fees and costs for securing the judgment. A true and correct copy of section 33 of the Trust Agreement of the Fund is attached to the accompanying declaration of Neelam Chandna (Chandna Decl.) as Exhibit 5.

Fees for work performed by non-attorneys, such as paralegals, are recoverable as "reasonable attorney's fees" under ERISA Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D). <u>Trustees of the</u>

::ODMA\PCDOCS\RACC\155935\1

*Construction Industry and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1259 (9th Cir. 2006).

B. <u>PLAINTIFFS ARE ENTITLED TO LODESTAR FEES.</u>

As with all statutes where an award of attorney's fees is authorized to the prevailing party, courts follow the "lodestar/multiplier" approach in determining the amount of attorney's fees in an ERISA case. See *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (standards for fee awards "are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'"); *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1382-83 (9th Cir. 1990) (lodestar/multiplier approach applies to attorneys fees under ERISA). This approach requires, first, a determination of a "lodestar" amount of reasonable hours multiplied by a reasonable rate, and then a determination whether to increase or decrease the lodestar amount by a multiplier. See *D'Emanuele*, *supra*, at 1383. "Such upward or downward adjustments are the exception rather than the rule since the lodestar amount is presumed to constitute a reasonable fee." *Id*. Plaintiffs do not claim a multiplier here.

C. <u>THE COURT SHOULD AWARD FEES FOR ALL TIME REASONABLY SPENT ON THIS CASE.</u>

The actual hours worked on this case by the attorneys and paralegals was recorded contemporaneously as part of the regular business records of the firm retained by Plaintiffs: Reich, Adell, &

- 3 -

::ODMA\PCDOCS\RACC\155935\1

Cvitan [Chandna Decl. at ¶ 8]. These records are attached as Exhibit 1 to the Chandna Declaration [*Id*. at ¶ 8]. The time actually worked has been reduced before billing [*Id*. at ¶ 8]. It is these hours, reduced by billing discretion, which are sought here as the reasonable hours spent on the case.

In determining the lodestar amount, the time spent in the fee application itself is part of the "reasonable hours" expended on the case. See <u>Davis v. City and County of San Francisco</u>, 976 F.2d 1536, 1544 (9th Cir. 1992), *modified in other respects*, 984 F.2d 345 (9th Cir. 1993); <u>D'Emanuele</u>, *supra*, 904 F.2d at 1387-88; <u>Clark v. City of Los Angeles</u>, 803 F.2d 987, 992 (9th Cir. 1986). An estimate of 4.5 hours are included in the calculation here [Chandna Decl. at ¶ 10] for the preparation of this fee motion and the time anticipated by counsel to prepare and appear at the telephonic hearing (.5 hour).

This case was decided following a motion and hearing for default judgment. The fees sought in this motion are for hours expended drafting pleadings, becoming familiar with the Local Rules (including ADR Rules) of the Northern District, and discussing and corresponding with defendant in an effort to resolve defendant's delinquency without resorting to litigation, as described more fully in paragraph 9 of the Chandna Declaration [Chandna Decl. at ¶ 9].

The legislative history to the amendments adding the mandatory fee and cost provision to 29 U.S.C. § 1132(g)(2)(D) show that Congress intended to discourage employers from "lengthy, costly and complex litigation concerning claims and defenses unrelated to the employer's promise and the plan's entitlement to the contribution" by allowing the plans to recover all "costs incurred in connection with the delinquencies." COMMITTEE REPORT OF THE SENATE COMMITTEE ON

::ODMA\PCDOCS\RACC\155935\1

LABOR AND HUMAN RESOURCES, S. 1076: THE MULTIEMPLOYER PENSION PLAN AMENDMENTS ACT OF 1980, 96th Cong. 2d Sess. 44 (1980 Sen Lab. Comm. Print); see also Laborers Health & Welfare Trust v. Advanced Lightweight Concrete, 484 U.S. 539, 547, 108 S.Ct. 830, 98 L.Ed.2d 936 (1988) ("The legislative history of these provisions explains that Congress added these strict remedies to give employers a strong incentive to honor their contractual obligations to contribute and to facilitate the collection of delinquent accounts."). When an employer increases the cost of litigation by its own actions, as here, where defendant Neldam's refused to pay the delinquent contributions owed to the Fund, it is clear that Congress intended for that employer to pay that cost if it loses.

D.  PLAINTIFFS SEEK A REASONABLE RATE.

The "reasonable rate" used to calculate the lodestar amount is "to be calculated according to the prevailing market rates in the relevant community, . . . ." Blum v. Stenson, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The "reasonable hourly rate is not made by references to the rates actually charged [by] the prevailing party . . . the starting point for calculating attorney's fees is the prevailing market rate in the community." United Steelworkers of America v. Retirement Income Plan for Hourly-Rated Employees of Asarco, Inc., 512 F.3d 555, 564 (9th Cir. 2008).

> "In determining an appropriate market rate, a district court may make reference to the factors developed by the Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974) and approved by this

1     Court in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67,
2     69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951, 96 S.Ct.
3     1726, 48 L.Ed.2d 195 (1976). See *United Steelworkers v.*
4     *Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir. 1990). The
5     *Johnson-Kerr* factors include the novelty and difficulty of
6     the issues involved in a case, the skill required to
7     litigate those issues, the preclusion of other employment,
8     the customary fee, relevant time constraints, the amount at
9     stake and the results obtained, the experience, reputation
10     and ability of the attorneys, the nature and length of
11     their professional relationship with the client, the
12     'undesirability' of a case, and awards in similar suits."
13     *Davis v. City and County of San Francisco*, 976 F.2d 1536,
14     1546 (9th Cir. 1992), *modified in other respects*, 984 F.2d
15     345 (9th Cir.1993) (footnotes omitted).

16

17 The relevant factors here are the "customary fee," the "amount at
18 stake and the results obtained," the "experience, reputation and
19 ability of the attorneys," and "awards in similar suits."
20     "[T]he most critical factor in determining the reasonableness of
21 a fee award is the degree of success obtained." *Farrar v. Hobby*, 506
22 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), *quoting*
23 *Hensley*, *supra*, 461 U.S. at 436. Here, the plaintiffs prevailed on
24 its request for default judgment. The Court should grant the full
25 award of the amount of fees and costs "necessary" to achieve this
26 result. As discussed above, Congress clearly meant that employers
27 should bear the full burden of the cost of collecting delinquent
28

::ODMA\PCDOCS\RACC\155935\1

contributions, whether the contributions be great or small. See *Advanced Lightweight*, *supra*, 484 U.S. at 547.

As described in the recent Ninth Circuit decision of *United Steelworkers*, 512 F.3d at 564, the Court upheld $300 as a reasonable hourly rate for the prevailing market rate of ERISA-related legal work, although counsel only charged union client $100 to $110 per hour. The Court upheld this determination based upon the district court's reliance upon Morgan v. Wal-Mart Associates' Health and Welfare Plan, 214 F.Supp.2d 1047, 1054 (D. Ariz. 2002), which found $275 to be a reasonable hourly rate for ERISA-related work in 2002. While acknowledging an upwards adjustment for inflation, the Ninth Circuit also relied upon a declaration from union's counsel, which established that the firm typically charged a blended rate of $300 per hour for ERISA-related work. *United Steelworkers*, 512 F.3d at 564-65.

The "experience, reputation and ability" of counsel in this matter is described in paragraphs 2 through 4 of the Chandna Declaration. Counsel in this case has significant experience in ERISA litigation, and the firm is known for high-quality representation in this specialty [Chandna Decl. at ¶ 6].

Counsel's fee awards in similar cases support the requested rates. In *Terence L. Young v. Green Epstein Bacino Productions, Inc.*, C.D. Cal. No. CV-06-1967 RGK, the court found that the reasonable rate for "fourth-year associate(s) and above" was $250.00 an hour. [Chandna Decl. at ¶ 11, Ex. 2 at p. 14]. Here, the primary attorney has been practicing over 10 years; Hirsch Adell is a partner, and J. David Sackman is a senior attorney, both of whom have been each practicing over 25 years in this area of law. [Chandna

::ODMA\PCDOCS\RACC\155935\1

Decl. at ¶¶ 2-4]. Similarly, in <u>Terence L. Young v. Classic Media Productions, Inc.</u>, C.D. Cal. No. CV-06-1968 DDP, the court found the same rates to be reasonable. True and correct copies of these fee awards are attached hereto as Exhibits 2 and 3, respectively, to the Chandna Declaration. In addition, in <u>American Benefit Plan Administrators, Inc. v. Tri-County Drilling, Inc.</u>, C.D. Cal. No. CV-98-1884 CM, the Court, found that the reasonable hourly rate for paralegals, in 1999, was $90.00. A copy of this decision is attached as Exhibit 4 to the Chandna Declaration.

Based upon these factors, the recent case of <u>United Steelworkers</u>, 512 F.3d at 564-65, and a slight upward adjustment for inflation, Plaintiffs submit that the hourly rate of $300.00 should apply to the services of all the attorneys in this case and that the hourly rate of $105.00 for paralegals is a reasonable rate. [Chandna Decl. at ¶ 11-12]. Plaintiffs' counsel customarily bills out its paralegals at an hourly rate of $105.00. [<u>Id</u>. at ¶ 12]. Applying these rates yield a total of $ 9,211.50 in fees. These are broken down in paragraph 13 of the Chandna Declaration.

E.   <u>COSTS</u>.

In mandatory fee-shifting statutes, such as ERISA §502(g)(2)(D), 29 U.S.C. §1132(g)(2)(D), out-of-pocket costs which would normally be charged to a fee-paying client may be included as part of the attorney's fee award. See <u>Harris v. Marhoefer</u>, 24 F.3d 16, 19 (9th Cir. 1994) (pursuant to 42 U.S.C. § 1988.) These expenses are not limited to taxable costs described in 28 U.S.C. § 1920, nor by Local Rule 54-1 of this Court, but rather include all expenses which are

::ODMA\PCDOCS\RACC\155935\1

"necessary and reasonable" to the case. *Id.* at 20. *But see* <u>Agredano v. Mutual of Omaha Co.</u>, 75 F.3d 541 (9th Cir. 1996) (costs under separate provision of ERISA § 502(g)(1) limited by 28 U.S.C. § 1920, holding does not apply to § 502(g)(2)).

Costs here are described in paragraph 14 of the Chandna Declaration and specifically identified in Exhibit 1 of the Chandna Declaration. These include such costs as filing fees and service fees. These costs total $414.48, as demonstrated in the accompanying Bill of Costs.

### III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that they be awarded attorney's fees of $9,211.50 against defendant Neldam's, which should be added to the judgment entered on February 22, 2008. Plaintiffs also respectfully requests costs of $414.48, as itemized in the accompanying Bill of Costs, which should also be added to the judgment.

Respectfully submitted,

DATED: March 10, 2008

REICH, ADELL & CVITAN
A Professional Law Corporation

By: /s/ Neelam C.
Neelam Chandna
Attorneys for Plaintiffs

- 9 -

::ODMA\PCDOCS\RACC\155935\1