EXHIBIT "1"

MATTER:    [009] NELDAMS DANISH BAKERY                                          9/30/2007 - INVOICE # 54634

### PROFESSIONAL SERVICES RENDERED

| | | | | |
|---|---|---|---|---|
| 9/5/2007 | Telephone call with D.Buracker of Neldam's Bakery; Prepare memo re amounts owed | NC | 0.3 | 67.50 |
| 9/21/2007 | Telephone calls with D. Buracker of Neldam's Bakery, G. Jew, M. Carrillo; E-mail to G. Jew re delinquencies | NC | 1.0 | 225.00 |
| 9/27/2007 | Prepare complaint; Telephone calls and e-mails re K. Luna, G. Jew re contributions | NC | 2.2 | 495.00 |
| 9/27/2007 | Review documents; Office conference | HA | 0.6 | 135.00 |
| 9/28/2007 | Telephone call with and e-mail to K. Luna; Review complaint; Legal research re local rules/No. District | NC | 2.0 | 450.00 |
| 9/28/2007 | Prepare complaint; Office conference | DS | 0.6 | 135.00 |

| | | | | |
|---|---|---|---|---|
| Total | 6.70 | | Total Services: | **1,507.50** |
| | | | Current Charges: | **1,507.50** |

Exhibit " 1  ", Page 7

MATTER:   [009] NELDAMS DANISH BAKERY                    10/31/2007 - INVOICE # 55269

### PROFESSIONAL SERVICES RENDERED

| Date | Description | | | |
|------|-------------|---|---|---|
| 10/1/2007 | Prepare complaint | DS | 0.1 | 22.50 |
| 10/1/2007 | Draft certificate of interested parties; Review August Board of Trustees minutes | NC | 0.5 | 112.50 |
| 10/2/2007 | Prepare complaint, certificate of interested parties | DS | 0.6 | 135.00 |
| 10/5/2007 | Review correspondence re summons and complaint | NC | 0.1 | 22.50 |
| 10/9/2007 | Review file re complaint, Judge's standing order | NC | 0.2 | 45.00 |
| 10/9/2007 | Review correspondence | DS | 0.2 | 45.00 |
| 10/10/2007 | Prepare proof of service; Document management; Review file; Investigation of facts re Secretary of State | MLH | 0.6 | 60.00 |
| 10/10/2007 | Review complaint & summons, service of summons | NC | 0.2 | 45.00 |
| 10/12/2007 | Legal research re judge's standing order, arbitration documents for Northern District | NC | 0.5 | 112.50 |
| 10/15/2007 | Review complaint, services of complaint | NC | 0.2 | 45.00 |
| 10/15/2007 | E-mail to client | HA | 0.2 | 45.00 |
| 10/16/2007 | E-mails to Judge, USDC re e-filing | MLH | 0.6 | 60.00 |
| 10/17/2007 | Review correspondence | NC | 0.1 | 22.50 |
| 10/18/2007 | Prepare request to clerk for entry of default judgment; Legal research re substituted service | NC | 0.5 | 112.50 |
| 10/23/2007 | Review correspondence re status report | NC | 0.1 | 22.50 |

| Total | 4.7 | | Total Services: | **907.50** |
|-------|-----|---|-----------------|------------|

### DISBURSEMENT

| | |
|---|---|
| Federal court filing fee | 350.00 |
| DHL Express | 30.75 |
| Process server's fee | 70.62 |
| Photocopies | 12.40 |

| | | |
|---|---|---|
| | Total Expenses: | **463.77** |
| | Current Charges: | **1,371.27** |



MATTER:    **[009] NELDAMS DANISH BAKERY**                         11/30/2007 - INVOICE # 55739

### PROFESSIONAL SERVICES RENDERED

| | | | | |
|---|---|---|---|---|
| 11/6/2007 | Review correspondence re substituted service/default | NC | 0.2 | 45.00 |
| 11/7/2007 | Prepare proof of service; Document management; E-file court documents | MLH | 0.5 | 52.50 |
| 11/20/2007 | Update tickler; Document management; Prepare request for default | MLH | 0.5 | 52.50 |
| 11/20/2007 | Review Request to Enter Default | NC | 0.4 | 90.00 |
| 11/26/2007 | Review file re entry of default | NC | 0.3 | 67.50 |
| 11/26/2007 | Prepare court documents; Correspond to court, plaintiff; Document management | MLH | 0.5 | 52.50 |
| 11/29/2007 | Prepare Default Judgment by Clerk; Fax to K. Luna re updated interest calculations | NC | 0.7 | 157.50 |
| 11/30/2007 | Prepare Default Judgment by Clerk, proposed order; Legal research re attorneys fees | NC | 1.8 | 405.00 |
| 11/30/2007 | Investigation of facts re Northern District rules; Revise application for default; Prepare proposed default; Document management; Office conference | MLH | .7 | 73.50 |

Total          5.60                                          Total Services:          **996.00**

### DISBURSEMENT

Photocopies                                   3.80

Total Expenses:          **3.80**

Current Charges:          **999.80**

MATTER:   **[009] NELDAMS DANISH BAKERY**                  12/31/2007 - INVOICE # 56277

### PROFESSIONAL SERVICES RENDERED

| Date | Description | | | |
|------|-------------|---|---|---|
| 12/3/2007 | Review correspondence re Default Judgment | NC | 0.2 | 45.00 |
| 12/3/2007 | Prepare documents for e-filing; Document management; Prepare proof of service | MLH | 0.7 | 73.50 |
| 12/7/2007 | Review Court Docket, Default Judgment by Clerk | NC | 0.2 | 45.00 |
| 12/18/2007 | Revise file; Investigation of facts court documents | MLH | 0.3 | 30.00 |
| 12/18/2007 | Review correspondence re Joint Filing for ADR | NC | 0.4 | 90.00 |
| 12/19/2007 | Telephone call with court clerk; Prepare court documents for ADR | MLH | 0.6 | 60.00 |
| 12/19/2007 | Review Local Rules re phone conference | NC | 0.1 | 22.50 |
| 12/27/2007 | Investigation of facts; Prepare documents for court filing; Document management; Office conference | MLH | 0.6 | 60.00 |
| 12/28/2007 | Review correspondence re ADR notice and certification | NC | 0.2 | 45.00 |

Total         3.30                              Total Services:         **471.00**


### DISBURSEMENT

DHL Express                              71.00
Photocopies                               3.60

                              Total Expenses:         **74.60**


                              Current Charges:         **545.60**

*Exhibit " 1 ", Page 10*

MATTER:    **[009] NELDAMS DANISH BAKERY**                    1/31/2008 - INVOICE # 56789

### PROFESSIONAL SERVICES RENDERED

| | | | | |
|---|---|---|---|---|
| 1/2/2008 | Prepare Case Management Conference Statement | NC | 0.9 | 202.50 |
| 1/3/2008 | Prepare Court Documents; Document management | MLH | 0.5 | 50.00 |
| 1/4/2008 | Prepare revised Case Management Conference Statement, Motion for Default Judgment | NC | 2.1 | 472.50 |
| 1/7/2008 | Prepare Motion for Default Judgment, proposed Judgment, declaration, Motion for vacating Case Management conference; Telephone call with clerk of court | NC | 2.3 | 517.50 |
| 1/7/2008 | Telephone call with court clerk; Prepare proof of service, motion; Correspond to Judge | MLH | .5 | 52.50 |
| 1/8/2008 | Prepare Order to Vacate, proof of service; Update tickler; Document management | MLH | 0.7 | 73.50 |
| 1/8/2008 | Legal research re ex-parte motions, attorneys fees under ERISA | NC | 0.4 | 90.00 |
| 1/9/2008 | Telephone call with T. Sutton re motion to vacate case management conference and default judgment | NC | 0.2 | 45.00 |
| 1/14/2008 | Review file; Prepare status of case proceedings | NC | 0.2 | 45.00 |
| 1/28/2008 | Review dates for opposition and reply papers; Telephone call with T. Sutton | NC | 0.4 | 90.00 |

Total            8.2                                    Total Services:    **1,638.50**

### DISBURSEMENT

| | |
|---|---|
| DHL Express | 23.50 |
| Photocopies | 0.80 |

Total Expenses:    **24.30**

Current Charges:    **1,662.80**

REICH, ADELL, CROST & CVITAN
PRE-BILL REPORT
BILLING ATTORNEY: (HA) Adell, Hirsch
BI300 -    BCW WESTERN CONF. DENTAL FUND

BT300/009 - NELDAMS DANISH BAKERY

CLIENT OPEN DATE: 2/3/1986

PRINTED ON March 07, 2008
AT 11:08:54 AM
PAGE 1
BILL FORMAT: RF10

MATTER OPEN DATE: 11/1/2006

|  |  |  | [SERVICES] | | | |  |
| --- | --- | --- | --- | --- | --- | --- | --- |
|  |  | TKPR | HRS | RATE | VALUE | BATCH # |
| 2/1/2008 | Review correspondence re reply brief | NC | 0.20 | 225.00 | 45.00 | MUSH 5774-006 |
| 2/4/2008 | Investigation of facts; E-file reply brief | MLH | 0.80 | 100.00 | 80.00 | MUSH 5776-007 |
| 2/4/2008 | Prepare reply brief, exhibits for motion | NC | 0.80 | 225.00 | 180.00 | MUSH 5774-022 |
| 2/20/2008 | Review file; Prepare for hearing re default judgment motion | NC | 0.20 | 225.00 | 45.00 | MUSH 5774-135 |
| 2/21/2008 | Telephone call with T. Sutton re motion for default judgment hearing | NC | 0.20 | 225.00 | 45.00 | MUSH 5774-145 |
| 2/22/2008 | Scheduled Court hearing to..........request for default judgment | NC | 0.20 | 225.00 | 45.00 | MUSH 5774-163 |
| 2/26/2008 | Document management | MLH | 0.20 | 100.00 | 20.00 | MUSH 5776-126 |

TOTAL FOR SERVICES:                                                2.60              460.00

|  |  | [EXPENSES] | | | |  |
| --- | --- | --- | --- | --- | --- | --- |
|  |  | AUTH | QTY | RATE | VALUE | BATCH # |
| 2/4/2008 | DHL Express |  |  |  | 12.00 | PH2 2398-063 |
| 2/4/2008 | DHL Express |  |  |  | 16.75 | PH2 2398-153 |
| 2/29/2008 | Photocopies |  |  |  | 2.00 | MUSH 2401-013 |

TOTAL FOR EXPENSES:                                                                30.75

MATTER RECAP:
    TOTAL FEES:
    TOTAL EXPENSES:
    TOTAL VALUE:

    TOTAL HOURS:

EXHIBIT " 1 "    Page 12

EXHIBIT "2"

SEND, CLOSED

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-1967-RGK (VBKx) | Date | October 10, 2006 |
|---|---|---|---|

| Title | *TERENCE L. YOUNG v. GREEN EPSTEIN BACINO PRODUCTIONS, INC.* |
|---|---|

---

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (Docket Entry 14)**

## I.     FACTUAL BACKGROUND

On March 31, 2006, Plaintiff Terence L. Young ("Plaintiff"), a fiduciary of two employee benefit plans, Writer's Guild-Industry Health Fund and Producer-Writer's Guild of America Pension Plan (collectively "Plans") brought an action on behalf of the Plans to compel an audit of and collect delinquent contributions from Defendant Green Epstein Bacino Productions, Inc. ("Defendant"). Defendant and Writers Guild of America, a labor organization, are parties to a collective bargaining agreement wherein a percentage of writer-employees earnings are supposed to be contributed to the Plans.

On July 27, 2006, the Court entered a default judgment in favor of Plaintiff and an order for accounting against Defendant. Filing fees and service fees ("Costs") totaled $328.91. (Aug., 24, 2006 Bill of Costs.)

Plaintiff's counsel submits an affidavit that six-and-a-half hours were spent working on the case by a partner and a fourth-year associate, both billing at $250/hour. (Sheh Aff. Ex. 1, ¶ 10.) Four additional hours were spent in preparing this Motion.[1] (Sheh Aff. ¶ 8.)

For the reasons stated below, the Court grants Plaintiffs' Motion for Attorney Fees and Costs pursuant to 29 U.S.C. § 1132(g)(2)(D).



DOCKETED ON CM

OCT 1 0 2006

BY ___ 010

---

[1] Plaintiff's counsel estimated that one additional hour would be billed to appear at a hearing on this Motion. Because this Motion was taken under submission, the additional hour has been removed from the calculations.

Exhibit " 2 ", Page 13

## II.   JUDICIAL STANDARD

The Employee Retirement Income Security Act (ERISA) § 502(g)(2)(D), codified as 29 U.S.C. § 1332(g)(2)(D), states:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan-- . . . (D) reasonable attorney's fees and costs of the action, to be paid by the defendant.

Section 1145 of 29 U.S.C., entitled "Delinquent contributions," obligates employers to make past-due contributions to ERISA covered plans.

Baseline, or "lodestar," reasonable attorney's fees for ERISA cases are to be calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In determining the lodestar amount, the time spent in the fee application itself is part of the "reasonable hours" expended on the case. *See Davis v. City & County of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992), *modified in other respects*, 984 F.2d 345 (9th Cir. 1993). A reasonable hourly rate is "to be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). In determining a market rate, so-called *Johnson-Kerr* factors to consider include:

> the novelty and difficulty of the issues involved in a case, the skill required to litigate those issues, the preclusion of other employment, the customary fee, relevant time constraints, the amount at stake and the results obtained, the experience, reputation and ability of the attorneys, the nature and length of their professional relationship with the client, the 'undesirability' of a case, and awards in similar suits.

*Davis*, 976 F.2d at 1546. Because the award of attorney fees is mandatory, the Court is left to determine whether the amount of the fees is reasonable. *Dugan v. R.J. Corman Co./Mat'l*, 2004 U.S. Dist. LEXIS 3807, *5 (N.D. Ill. 2004).

## III.   DISCUSSION

The award of attorneys fees in ERISA cases is governed by statute. 29 U.S.C. § 1132(g)(2)(D). It is undisputed that Defendant agreed to be bound by the Plans. Plaintiff is a fiduciary who sued on behalf of the Plans to enforce the payment of delinquent contributions under ERISA. Because there was a default judgment, Plaintiff is the prevailing party. The language of 29 U.S.C. § 1132(g)(2)(D) mandates that reasonable attorney fees and costs be paid by the Defendant to the Plaintiff.

Reasonable hours for an ERISA case include those spent in petitioning for attorney fees. *Davis*, 976 F.2d at 1544. Plaintiff's counsel spent six-and-a-half hours on this case with an additional four hours in preparing this Motion. Submitted proof of the hours is itemized to the tenth of an hour and indicates which attorney was working the case. (Mot. Ex. 1.) Given its experience with similar ERISA cases, the Court finds that the 10.5 hours claimed are reasonable.

Plaintiff's counsel submits that $250/hour is a reasonable rate given the prevailing market rates in the relevant community. The Court agrees. Factors to consider in determining the reasonable rate include the experience of the attorneys and the customary fee. *Davis*, 976 F.2d at 1546. Given the experience of the attorneys and customary fees in the Los Angeles market, $250/hour is a reasonable rate for a fourth-year associate and above.

Exhibit " 2 " Page 14

The number of billable hours, 10.5, multiplied by a reasonable hourly rate, $250/hour, equals $2,625.00. Because costs have already been addressed by the Clerk of the Court in its Aug. 24, 2006 Bill of Costs, they are not addressed.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney Fees is **granted** in the amount of $2,625.00 for attorney fees.

**IT IS SO ORDERED.**

Initials of Preparer 

Exhibit " 2 ", Page 15

EXHIBIT "3"



<table>
Priority
Send
Clsd
Enter
JS-5/JS-6
JS-2/JS-3
Scan Only
</table>

FILED
CLERK. U.S. DISTRICT COURT

OCT 11 2006

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ENTERED
CLERK, U.S DISTRICT COURT

OCT 12 2006

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TERENCE L. YOUNG, on behalf      )   Case No. CV 06-01968 DDP (FMOx)
of Writers' Guild-Industry       )
Health Fund and Producer-        )   **ORDER GRANTING MOTION FOR AN**
Writers Guild of America         )   **AWARD OF ATTORNEYS' FEES**
Pension Plan,                     )
                                 )   [Motion filed on August 23, 2006]
                Plaintiff,       )
                                 )
     v.                          )
                                 )
CLASSIC MEDIA PRODUCTIONS,       )
INC.,                            )
                                 )
                Defendants.      )
_____)

     This matter comes before the Court on the plaintiff's motion

for an award of attorneys' fees.  After reviewing the papers

submitted, the Court grants the motion.

I.   BACKGROUND

     This case involves employee benefit plans within the meaning

of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.

§1132(a)(2000).  Terence L. Young, the Plaintiff, is an

administrator and fiduciary for two employee benefit plans:  the

Writers' Guild-Industry Health Fund and the Producer-Writers Guild

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

Exhibit " 3 ", Page 16

1 | of America Pension Plan ("the Plans").  The Defendant Classic Media
2 | is an employer within the meaning of ERISA section 3(5), 29 U.S.C.
3 | § 1002(5).

4 |     Classic Media entered into a collective bargaining agreement
5 | with the Writer's Guild.  Pursuant to that agreement, Classic Media
6 | agreed to make contributions to the Plans based upon a percentage
7 | of the earnings of the writer-employees.  Classic Media also agreed
8 | to be bound by the agreements and declarations of trust of the
9 | Plans (the "Trust Agreements").

10 |     The Trust Agreements of the Plans provide that a participating
11 | employer shall permit the Trust Funds to audit the employer's books
12 | and records to determine the amount of contributions due to the
13 | Trust Funds.  The Trust Agreements further provide for costs and
14 | attorney's fees in securing the audit.

15 |     The Plaintiff commenced this action seeking injunctive relief
16 | ordering the defendant to submit its books and records for the past
17 | four years, and recovery of delinquent contributions to employee
18 | benefit plans.  On August 4, 2006, the Court entered a default
19 | judgment against the defendant.  The plaintiff now seeks an award
20 | of attorneys' fees.

21 |

22 | II.   DISCUSSION

23 |     A.   Legal Standard

24 |     An award of attorney's fees and costs is mandated by ERISA
25 | section 502(g)(2)(D).  Nw. Adm'rs, Inc. v. Albertson's, Inc., 104
26 | F.3d 253, 257 (9th Cir. 1996).  The plaintiff must file a separate
27 | motion for attorney's fees after judgment is entered in accordance
28 | with to federal and local rules of civil procedure.  Pursuant to

2

1  Federal Rule of Civil Procedure 54(d)(2), the amount of attorneys'

2  fees may be determined by separate motion filed after judgment is

3  entered.

4      Courts follow the "lodestar/multiplier" approach in

5  determining the amount of attorneys' fees in ERISA cases. <u>See</u>,

6  <u>e.g.</u>, <u>D'Emmanuele v. Montgomery Ward & Co., Inc.</u>, 904 F.2d 1379,

7  1382-83 (9th Cir. 1990)(finding that lodestar/multiplier approach

8  applies to attorneys' fees under ERISA). This approach requires a

9  determination of a "lodestar" amount of reasonable hours multiplied

10 by a reasonable rate, and then a determination whether to increase

11 or decrease the lodestar amount by a multiplier. <u>Id.</u> at 1383.

12      B.   <u>Analysis</u>

13      Pursuant to ERISA, the Court must grant the plaintiff's

14 reasonable request for attorneys' fees. Here, the plaintiff is

15 asking the court to award fees for all time reasonably spent on

16 preparing this case. In support of this request, the plaintiff

17 submitted a declaration written by his attorneys.   The declaration

18 provides a detailed explanation of the time spent on case-related

19 activities.  The declaration also requests the Court to apply a

20 $250.00 hourly rate to each of the attorney's work.  It does not

21 ask the Court to apply a "multiplier" in calculating the attorneys'

22 fees.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

Exhibit " 3 " Page 18

1     Upon review, the Court finds the plaintiff's request

2  reasonable.  An hourly rate of $250.00 is a reasonable rate for the

3  work of experienced associates, and nineteen hours is a reasonable

4  amount of time to spend on the preparation of the plaintiff's

5  default judgment, bill of costs, and motion for attorneys' fees.

6  Therefore, the Court grants this motion.

7

8  **III. CONCLUSION**

9     Based upon the evidence submitted, the Court adds attorneys'

10  fees of $4,775.00 to the August 7, 2006 judgment entered against

11  Defendant Classic Media Productions.

12

13  IT IS SO ORDERED.

14

15

16  Dated:  _/0-11-06_                        _____

17                                 DEAN D. PREGERSON
                                    United States District Judge

18

19

20

21

22

23

24

25

26

27

28

Exhibit "3", Page 19

EXHIBIT "4"

ORIGINAL

ENTERED
CLERK, U.S. DISTRICT COURT

OCT - 8 1999

CENTRAL DISTRICT OF CALIFORNIA
BY

FILED
CLERK, U.S. DISTRICT COURT

OCT - 6 1999

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

AMERICAN BENEFIT PLAN
ADMINISTRATORS, INC., a
corporation,

        Plaintiff,

    v.

TRI-COUNTY DRILLING, INC., a
corporation,

        Defendant.

Case No. CV 98-1884 CM

ORDER GRANTING PLAINTIFF'S
MOTION FOR ATTORNEYS FEES AND
COSTS

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

By its Motion, Plaintiff American Benefit Plan
Administrators, Inc. ("Plaintiff") requests an award of the
attorneys fees and costs it has incurred in this action.
Pursuant to Local Rule 7.11, the Court finds this Motion
amendable to resolution without oral argument. Having read and
considered the moving papers, the opposition, and the reply; the
entire record in this action; and all other admissible evidence
and argument offered in relation to this Motion, the Court hereby
awards Plaintiff $40,707.00 in attorneys fees and $1,622.51 in
costs.

DOCKETED
MLD COPY
MLD NOT
JS-6

OCT 08 1999




# I.

## Factual Background and Procedural History

This case arose from Defendant Tri-County Drilling, Inc.'s ("Defendant") contractual obligation to make contributions to certain employee benefit plans pursuant to the terms of a collective bargaining agreement (the "CBA"). Plaintiff contended that the rate at which Defendant made the contributions was less than the rate specified in the CBA. Defendant, however, contended that it had made the contributions at the correct rate pursuant to a conflicting interpretation of the terms of the CBA. Plaintiff filed this ERISA action to recover the delinquent contributions which it claimed it was due under the terms of the CBA.

The Court initially granted Plaintiff summary judgment on December 28, 1998. Soon thereafter Plaintiff filed its first motion for attorneys fees and costs. That motion was mooted, however, when Defendant moved for reconsideration and the Court granted reconsideration and vacated its initial grant of summary judgment in Plaintiff's favor. Subsequently, the Plaintiff again moved for summary judgment and on August 12, 1999, the Court once again granted summary judgment in Plaintiff's favor. Plaintiff now brings this second Motion for attorney fees based on the Employee Retirement Income Security Act ("ERISA"), §502(g)(2)(D) and §29 U.S.C. § 1132 (g)(2)(D).[1]

---

[1] Plaintiff has lodged its prior motion for attorneys fees and costs for the Court's convenience and the Motion currently before the Court merely updates that prior motion.

2

II.

<u>Applicable Standard</u>

When considering an award of attorney fees pursuant to ERISA, a court looks to several factors: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties positions. <u>Credit Managers Ass'n v. Kennesaw Life & Acc. Ins.</u>, 25 F.3d 743, 748-49 (9th Cir. 1994), <u>Hummel v. S.E. Rykoff & Co.</u>, 634 F.2d 446, 453 (9th Cir. 1980).

Additionally, determination of the actual amount of fees involves the lodestar/multiplier factors set forth by the 9th Circuit. <u>See D'Emanuele v. Montgomery Ward & Co.</u>, 904 F.2d 1379, 1382 (9th Cir. 1990). To obtain this amount, a court must "first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." <u>Intel Corporation v. Terabyte International, Inc.</u>, 6 F.3d 614, 622 (9th cir. 1993)(citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983)). Plaintiff must also establish that the fees are reasonable in that the hourly rates "are in line with those prevailing in the community for similar services." <u>Intel</u>, 6 F.3d at 622 (quoting <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1263 (9th Cir. 1287)).

Finally, any fees awarded must be limited to those incurred

3

1 solely during the course of the litigation. ERISA has been
2 construed as "limiting the award to fees incurred in the
3 litigation in court. . . The ERISA section on civil enforcement
4 uses 'action' in this way where it gives district courts
5 exclusive jurisdiction 'of civil actions under this subchapter,'
6 and refers to an 'action' brought in a district court. 29 U.S.C.
7 §1132(e)." Cann v. Carpenters' Pension Trust Fund for Northern
8 California, 989 F.2d 313, 316 (9th Cir. 1993). The fees sought
9 should be related to the proportionality of the damages at issue,
10 thus a one hundred percent recovery may result in obtaining all
11 reasonably related fees. Riverside v. Rivera, 477 U.S. 561, 585
12 (1986).

13     ERISA's fee-shifting provision allows "costs of the action"
14 to be recovered by a fiduciary who successfully sues under ERISA
15 and recovers for or on behalf of an ERISA plan. See 29 U.S.C.
16 §1132(g)(2)(D). Computerized legal fees is recoverable by
17 fiduciaries who prosecute successful ERISA actions on behalf of
18 ERISA plans. See Central States, Southeast and Southwest Areas
19 Pension Fund v. Central Cartage Co., 992 F.Supp. 980 (N.D.Ill.
20 1998).

21                           III.
22                    Analysis and Discussion
23     For the following reasons, the Court concludes that
24 Plaintiff is entitled to all of the attorneys fees and costs it
25 seeks in its Motion.
26     Defendant contends that Plaintiff is not entitled to the
27 fees and costs which it seeks because it has not demonstrated
28 that it is a fiduciary within the meaning of ERISA. The Court

                              4

1    disagrees. Defendant has previously conceded that Plaintiff is,
2    in fact, a fiduciary as defined by ERISA. Consequently,
3    Defendant cannot now assume a contrary position. See Reply at 1
4    (pointing out Defendant's prior concession on this issue), see
5    also Defendant's Statement of Genuine Issues Offered in
6    Opposition to Plaintiff's Second Summary Judgment Motion at 3-4.
7    Moreover, Plaintiff's control of a sizeable amount of assets is
8    also sufficient to make it a fiduciary as defined by ERISA. See
9    IT Corp. v. General American Life Insurance Co., 107 F.3d 1415,
10   1421 (9th Cir. 1997)("Any control over disposition of plan money
11   makes the person who has the control a fiduciary").

12        Defendant contends that Plaintiff is not entitled to
13   attorneys fees because it has not demonstrated that it has
14   incurred any fees in this action. This argument is without
15   merit, however, because Plaintiff has paid its fees in this
16   action out of the assets of the trust funds the contributions to
17   which have been at issue in this case. Consequently, the Court
18   concludes that fees have been incurred by Plaintiff acting on
19   behalf of the trust funds and, therefore, Plaintiff is entitled
20   to recover those fees.

21        Defendant argues that Plaintiff also is not entitled to fees
22   at the rates set forth in its Motion because those rates may not
23   be the actual rates at which Plaintiff was charged for the legal
24   work performed in this action. Plaintiff responds by arguing
25   that: (1) the reasonable hourly rate may be determined without
26   reference to the rates actually charged to a prevailing party and
27   (2) the hourly rates it seeks in this Motion have previously been
28   determined to be reasonable hourly rates by other courts in

Exhibit "4", Page 24

1  similar actions.

2       The Court agrees that Plaintiff's claimed hourly rates are,
3  in fact, reasonable hourly rates for the legal services performed
4  by Plaintiff's counsel in this action.  "Determination of a
5  reasonable hourly rate is not made by reference to rates actually
6  charged to the prevailing party."  Chalmers v. City of Los
7  Angeles, 796 F.2d 1205, 1210 (9th Cir. 1985).  Moreover, "[i]n
8  determining a reasonable hourly rate, the district court should
9  be guided by the rate prevailing in the community for similar
10 work performed by attorneys of comparable skills, experience, and
11 reputation."  Id. at 1210-11.  In light of these principles and
12 given the rates previously deemed reasonable by other courts for
13 Plaintiff's counsel's work in similar actions, the Court
14 concludes that the following rates are reasonable for the work
15 performed by Plaintiff's counsel in this action: (1) $240.00 per
16 hour for work done by partners, (2) $210.00 per hour for work
17 done by associate attorneys, and (3) $90.00 per hour for work
18 done by law clerks and paralegals. See Plaintiff's First Motion
19 for Attorneys Fees, Exh 4 (setting $240/hour, $210/hour, and
20 $90/hour as the reasonable rate for the services of Plaintiff's
21 counsel in a bankruptcy related action), Exh. 5 (setting rates
22 ranging from $240-$210/hour and $90/hour as the reasonable rates
23 for the services of Plaintiff's counsel in an ERISA action).

24      Defendant also argues that the amount of fees claimed by
25 Plaintiff is excessive in relation to the roughly $9,700.00 which
26 constituted the principal amount in dispute in this action.  The
27 Court disagrees.  "[T]he most critical factor in determining the
28 reasonableness of a fee award is the degree of success obtained."

1   <u>Farrar v. Hobby</u>, 506 U.S. 103, 114 (1992)(citations omitted).

2   Moreover, in fixing fees, "primary consideration" should be given

3   to "the amount of damages awarded as compared to the amount

4   sought." <u>Id.</u> (citations omitted).  Plaintiff rightly points out

5   that it achieved a one hundred percent recovery of the amounts it

6   originally sought.  In light of the foregoing and in light of the

7   complexity of the issues of contract interpretation and the

8   factual bases underlying a proper interpretation of the CBA, the

9   Court concludes that the amount of fees sought is not excessive

10  in relation to the Plaintiff's recovery in this action.

11      Defendant also contends that the Court should exercise its

12  discretion and reduce the amount of fees claimed by Plaintiff

13  because of duplicative and unsuccessful work.  Specifically,

14  Defendant asks the Court to reduce the amount claimed because of

15  duplication of work by David Sackman, Esq. when this action was

16  reassigned to him after Allen Tanita, Esq. left the law firm that

17  is Plaintiff's counsel in this action.  Defendant also claims

18  that it should not be taxed with fees arising from Plaintiff's

19  first summary judgment motion or from Plaintiff's efforts to

20  oppose Defendant's motion for reconsideration because the work

21  done on those motions proved unsuccessful.  Lastly, Defendant

22  also contends that various entries in the bills submitted by

23  Plaintiff are unexplained and unjustified.  In response to

24  Defendant's request, the Court has reviewed the bills submitted

25  in support of this Motion and the Plaintiff's prior motion for

26  attorneys fees and costs.  The Court finds that all entries in

27  these bills are appropriate and justified.  Furthermore, the

28  Court declines Defendant's invitation to strike all fees incurred

7

1   in connection with the earlier motions in this action because
2   although not successful at the time, the work of Plaintiff's
3   counsel on those motions was helpful in developing the record
4   upon which Plaintiff's ultimate success in this action was based.
5   Consequently, the Court declines Defendant's request to exercise
6   its discretion and reduce the amount of fees claimed by
7   Plaintiff.

8        Finally, with respect to Plaintiff's claim of costs,
9   Defendant's Opposition does not dispute any of the costs claimed
10  by Plaintiff. Moreover, the Court has reviewed Plaintiff's
11  claimed disbursements for costs and finds those disbursements
12  reasonable and appropriate costs arising from Plaintiff's
13  successful prosecution of this action. Consequently, Plaintiff
14  will be awarded all of its claimed costs. Cf. Harris v.
15  Marhoefer, 24 F.3d 16, 19-20 (9th Cir. 1994)(out-of-pocket
16  expenses that would normally be charged to a fee-paying client
17  may be included as part of an attorneys fees award
18  notwithstanding 28 U.S.C. §1920 and Central District of
19  California Local Rule 16.3.3).

20                          IV.

21                      Conclusion

22       For the foregoing reasons, Plaintiff's Motion for Attorneys
23  Fees and Costs in hereby granted and Plaintiff is hereby awarded
24  $40,707.00 in attorneys fees and $1,622.51 in costs.
25  IT IS SO ORDERED.
26  DATED: October 6, 1999.

27

28                              Carlos R. Moreno
                                United States District Judge

                              8

EXHIBIT "5"

AGREEMENT AND DECLARATION OF TRUST

PROVIDING FOR THE

B & C WESTERN CONFERENCE DENTAL FUND

INDEX

Page

1.  Name of Trust ....................................................................................................2

2.  Definitions...........................................................................................................2

3.  Assets Used for Trust Purposes ........................................................................4

4.  Powers of Trustees.............................................................................................4

5.  Deposit of Funds ................................................................................................5

6.  Reserves .............................................................................................................6

7.  Uses of Fund ......................................................................................................6

8.  Eligibility Rules ..................................................................................................7

9.  Title to Fund.......................................................................................................7

10. Trustees Determine Benefits.............................................................................8

11. Fund Not Obligated to Continue Benefits if Assets are Insufficient ...............8

12. Administration ...................................................................................................8

13. Number of Trustees............................................................................................8

14. Appointment of Trustees....................................................................................9

15. Resignation of Trustee .......................................................................................9

16. Property of Trust Held by Trustee who Resigns...............................................9

17. Vacancy on Board of Trustees...........................................................................9

18. Successor Trustees...........................................................................................10

19. Chairman and Secretary...................................................................................10

20. Quorum, Voting and Deadlock ........................................................................10

21. Meetings...........................................................................................................11

22. Compensation of Trustees................................................................................11

23. Execution of Documents..................................................................................11

24. Audit of Trust Books .......................................................................................11

Exhibit " 5  ", Page 28

25.    Bond ........................................................................................................12

26.    Liability of Trustees ..............................................................................12

27.    Trustees Not Agents ..............................................................................12

28.    Liability on Contracts and for Misconduct ...........................................13

29.    Persons Dealing with Trust ...................................................................13

30.    Law of California Governs .....................................................................14

31.    Effective Date ........................................................................................14

32.    Contribution Date ..................................................................................14

33.    Failure to Pay ........................................................................................15

34.    Obligation of Employers ........................................................................16

35.    No Alteration of Collective Bargaining Agreement ...............................16

36.    Amendment ...........................................................................................16

37.    Savings Clause ......................................................................................17

38.    Employer Bound ....................................................................................18

39.    Name of Trustees ..................................................................................18

40.    Singular Construed as Plural .................................................................18

41.    Party to Trust .........................................................................................18

42.    Subscribing Employers ..........................................................................18

43.    Subscribing Employers May Not Appoint or Remove Trustees ............19

44.    Other Persons May Be Qualified ...........................................................19

45.    IRS Approval ..........................................................................................21

Exhibit "5", Page 29

have worked the required number of hours in the previous month. The Trustees may require Employers to furnish a report with such payments showing the names of employees for whom contributions are required.

33.    <u>Failure to Pay</u>.

The failure of any Employer to make the required contributions at the times and in the manner above specified shall be deemed a breach of this Trust Agreement by such Employer and such Employer shall be personally and directly liable to each employee damaged by such failure for whatever benefits such employees or their dependents were denied because of such Employer's failure to make the required contributions, together with all costs and expenses reasonably necessary to collecting such damages from such Employer. In addition, such Employer shall be liable to the Trustees for the full amount of such required contributions which remain unpaid, together with payments for the damages to the Trust Fund resulting from such delinquency and the expenses to the Trust Fund resulting from such delinquency and the efforts to collect same, including audit expenses, collection costs, court costs, reasonable attorney fees and other reasonable expenses incurred in determining the correct amount of delinquency and collecting same, including any and all expenses in connection with filing and prosecuting a lawsuit and appellate proceedings therein. The parties recognize and agree that the regular and prompt payment of contributions to the Fund is essential to the maintenance of the Plan, and that it would be extremely difficult to fix the exact and actual expenses and damage to the Fund and to the Plan which results from the failure of an Employer to pay such contributions in full within the time above provided. Therefore, the amount of damage to the Fund resulting from any such failure is agreed to be interest on the unpaid contributions at the rate of one percent (1%) per month, which shall be added to the unpaid contributions balance each month that the

delinquency continue, and, if a lawsuit is filed by the Fund to collect unpaid contributions, interest, costs and expenses, an additional amount equal to the greater of-

        (i)     interest on the unpaid contributions at the rate of twelve percent (12%) per annum, or

        (ii)    an amount equal to twenty percent (20%) of the unpaid contributions balance.

The amounts in addition to the unpaid contributions and the actual costs and expenses of collection are in accord with the 1980 amendments to ERISA and shall become due and payable as liquidated damages, to the Fund in San Francisco, California.

After written notice to an Employer of his breach of this Trust Agreement the Trustees may file suit in any court of competent jurisdiction to enforce payment of contributions, costs and damages.

34.    Obligation of Employers.

The sole financial liability and obligation of any Employer shall be to pay to the Trustees the amounts specified herein at the times specified herein.

No Employer shall be liable for any payments required to be made by any other Employer, or for the failure of any other Employer to make such payments.

35.    No Alteration of Collective Bargaining Agreement.

The Trustees shall have no power or authority to commit any act or make any demand, the effect of which would be to violate or alter any collective bargaining agreement between a Union and an Employer.

36.    Amendment.

The provisions of this Trust Agreement may be amended by mutual agreement in

Exhibit " 5 ", Page 31