IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE BAKERY AND CONFECTIONERY WESTERN CONFERENCE DENTAL FUND,<br><br>Plaintiff,<br><br>v.<br><br>NELDAM'S DANISH BAKERY INC.,<br><br>Defendant. | No. C 07-5095 SI<br><br>**ORDER AWARDING PLAINTIFF REASONABLE ATTORNEYS' FEES AND COSTS** |

Plaintiff has filed a motion for attorneys' fees and costs in this defaulted case. The hearing on the motion is scheduled for April 18, 2008. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing.

**DISCUSSION**

Plaintiff Trustees of the Bakery and Confectionery Western Conference Dental Fund filed this action under ERISA to collect delinquent benefit contributions from defendant Neldam's Danish Bakery, Inc. Plaintiff obtained a default judgment on February 25, 2008, consisting of $5,253.00 in delinquent contributions, $258.89 in interest, and $1,050.60 in liquidated damages, totaling $6,562.49. Plaintiff now seeks an award of attorneys' fees and costs totaling $9,625.98.[1]

---

[1] Plaintiff seeks fees and costs either pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), or pursuant to the terms of the Trust Agreement of the Fund, which provides in relevant part that "Employer shall be liable to the Trustees for . . . expenses to the Trust Fund resulting from [delinquent contributions] and the efforts to collect same, including any and all expenses in connection with the filing and prosecuting a lawsuit . . . ." Chandna Decl. Ex. 5.

Section 502(g)(2)(D) of ERISA provides that if a plan prevails in an action to recover delinquent contributions, the Court "shall award reasonable attorneys' fees and costs of the action, to be paid by the defendant . . . ." 29 U.S.C. § 1132(d)(2)(D). Plaintiff seeks $9,211.50 in fees and $414.48 in costs. In support of the fee application, plaintiff has submitted the declaration of Neelam Chandna which describes the work performed by plaintiff's attorneys, and includes copies of the attorneys' time records. Plaintiff's counsel seeks a rate of $300/hour for attorneys, and $105/hour for paralegals.

The Court has reviewed the Chandna declaration and supporting exhibits, and finds that while plaintiff is entitled to recover fees and costs, not all of the fees sought are reasonable. The Court notes that the amount of fees plaintiff seeks is almost twice as much as the delinquent contributions recovered in this case. While such a disproportionate attorney fee recovery is not *per se* unreasonable, it is excessive on this record, in which defendant never appeared and plaintiff obtained a default judgment. This case was neither factually nor legally complicated, yet plaintiff's counsel spent approximately 6.8 hours preparing and filing the largely boilerplate 4 page complaint.[2] In addition, after the Clerk entered default on November 29, 2007, plaintiff's counsel inexplicably spent several hours preparing a case management conference statement as well as a motion to vacate the case management conference, and also spent time on researching and preparing papers related to alternative dispute resolution; all of this time was unnecessarily spent since the Clerk had already entered default.

In addition, after the Clerk entered default, plaintiff's counsel spent a considerable amount of time on an "application for entry of default judgment by Clerk," which improperly requested, *inter alia*, that the Clerk add an unspecified amount of attorneys' fees and costs to the judgment. Plaintiff's motion was improper because the Clerk can only enter a default judgment if the plaintiff's claim is for a sum certain; in all other cases, the party must apply to the Court for a default judgment. *See* Fed. R. Civ. P. 55(b)(1)-(2). Thus, all time spent on the "application for entry of default judgment by the Clerk" was unreasonable and will be disallowed.

---

[2] Some time entries related to the preparation of the complaint include notations for other activities, such as telephone calls and e-mails, and thus the actual time spent on the complaint is something slightly less than 6.8 hours. In the Court's view, given the straightforward nature of the complaint and plaintiffs' counsel's experience in ERISA, the preparation of the complaint should have taken no more than 1.5 hours.

Finally, the Court finds that plaintiff's counsel spent too much time preparing the unopposed fee application. In particular, the Court finds that 1.8 hours on the reply brief, and .4 hours on "reviewing dates for opposition and reply papers" is unreasonable in light of the fact that the motion was unopposed.

The Court does find that the rates sought are reasonable. *See United Steelworkers of America v. Retirement Income Plan for Hourly-Rated Employees of Asarco, Inc.*, 512 F.3d 555, 564 (9th Cir. 2008) (approving $300/hour rate in ERISA case), and that the $414.48 in costs – for the filing of the complaint and fees for service – are reasonable. Accordingly, after making appropriate deductions for unnecessary and unreasonable time,[3] the Court GRANTS IN PART plaintiff's motion and awards $5,192.00 in fees and $414.48 in costs. The Court further finds that plaintiff is entitled to recover fees and costs pursuant to Section 33 of the Trust Agreement of the Fund.

**IT IS SO ORDERED.**

Dated: April 15, 2008

SUSAN ILLSTON
United States District Judge

---

[3] The Court deducts $1192.50 related to the preparation and filing of the complaint; $688.50 related to preparation of the application for entry of default judgment by the Clerk; $1593.50 on work related to preparing the case management conference statement and ADR; and $455.90 on the attorneys' fee application (including the .5 hour that plaintiff's counsel had estimated for the vacated hearing).

3